UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOWARD SMALLWOOD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DR. NOLL, Oral hygienist, )<br>B. SCHMIDT, Medical staff, )<br>CAMAY FRANCUM, grievance specialist, )<br>)<br>Defendants. ) | Case No. 1:18-cv-0190-TWP-DML |

**Entry Granting Motion to Proceed *In Forma Pauperis*, Dismissing Insufficient Claims, and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted**. The plaintiff is assessed an initial partial filing fee of Eleven Dollars and Sixty-Six Cents ($11.66). He shall have **through February 26, 2018**, in which to pay this sum to the clerk of the district court.

**II.**

The plaintiff's motion for assistance with recruiting counsel, dkt. [3], is **denied** as premature. The filing fee has not been paid, the complaint has not been screened, and the defendants have not been served. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013).

**III.**

Plaintiff, Howard Smallwood, who is incarcerated at the Pendleton Correctional Facility, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The Court is required to screen complaints brought by prisoners seeking relief against a governmental

entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the Court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The right implicated by the allegations in the plaintiff's complaint is the Eighth Amendment's proscription against cruel and unusual punishment.

Here, the plaintiff alleges that Dr. Noll was deliberately indifferent to his serious medical needs when Dr. Noll pulled the wrong tooth during a dental visit.

The plaintiff alleges that B. Schmidt responded to his health care request advising him that he would not qualify for a bridge unless he was missing enough teeth.

The plaintiff alleges Camay Francum violated the Constitution by failing to adequately address the issues he raised in his grievances with respect to his removed tooth.

## IV. Insufficient Claims

The claims against **B. Schmidt and Camay Francum are dismissed for failure to state a claim**. The plaintiff's only claim against that B. Schmidt is that he/she responded to a health care request stating that plaintiff would not qualify for a bridge unless he was missing enough teeth. This does not amount to a constitutional deprivation.

Similarly, the claim against Francum is limited to complaints that she did not adequately respond to the plaintiff's medical grievances. As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Because the plaintiff had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through 42 U.S.C. § 1983 against Francum. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

**The clerk is instructed** to update the docket to show the dismissal of B. Schmidt and Camay Francum from this action.

## V. Claims that May Proceed

The plaintiff's claim for deliberate indifference under the Eighth Amendment against Dr. Noll for removing the wrong tooth **may proceed**.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Dr. Noll in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The *pro se* plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to communicate with the *pro se* plaintiff. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date:_____

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dr. Noll
Dental Staff
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, IN 46064

Howard Smallwood
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 W. Reformatory Rd
Pendleton, IN 46064